THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kathleen M.
 Kelly, Respondent,
 v.
 James P. Rachels, Appellant.
 
 
 

Appeal From Lexington County
 Kellum W. Allen, Family Court Judge

Unpublished Opinion No. 2010-UP-287
Submitted May 3, 2010  Filed May 20, 2010

AFFIRMED

 
 
 
 James P. Rachels, pro se, of Ridgecrest, California, for Appellant
 James W. Corley, of Columbia, for Respondent.
 
 
 

PER CURIAM:   James P. Rachels (Husband) appeals the family
 court's declaratory judgment requiring him to personally pay Kathleen M. Kelly
 (Wife) $423.50 per month plus cost of living adjustments from his military
 retired pay.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:
1. As to whether
 the family court erred in finding Wife had standing to bring a declaratory
 judgment action: Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998)
 ("[A]n issue cannot be raised for the first time on appeal, but must have
 been raised to and ruled upon by the trial judge to be preserved for appellate
 review.").
2. As to whether
 the family court erred in reforming the parties' agreement to require Husband
 to personally remit payment to Wife: Heins
 v. Heins, 344 S.C. 146, 158, 543
 S.E.2d 224, 230 (Ct. App. 2001) ("Where an agreement is clear and
 capable of legal interpretation, the court's only function is to interpret its
 lawful meaning, discover the intention of the parties as found within the
 agreement, and give effect to it.").
3. As to whether the family
 court erred in awarding Wife $423.50 per month plus cost of living adjustments: Steffenson v. Olsen, 360 S.C. 318, 322, 600 S.E.2d 129, 131 (Ct.
 App. 2004) ("If an agreement is clear and unambiguous, its terms should be
 applied according to their plain and ordinary meaning and consideration of
 extrinsic evidence to alter that meaning is improper.").   
AFFIRMED.
FEW, C.J., THOMAS and
 PIEPER, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.